# CASES

IN THE

# APPELLATE COURTS OF ILLINOIS.

THIRD DISTRICT—NOVEMBER TERM, 1899.

## Middlecoff Hotel Co. v. Chas. H. Yeomans.

1. PLEADINGS—*To Be Taken Most Strongly Against the Pleader.*—Pleadings are to be construed most strongly against the pleader.

2. SAME—*Declarations Against Subscribers to Corporations.*—A declaration against a subscriber to the capital stock of a corporation, averring the organization in accordance with, and for the purpose named in a written agreement, except that the capital stock was changed from $25,000 to $30,000, but that such change was made in accordance with, and by the direction of a vote taken for that purpose by all the signers of the agreement, but failed to state how the defendant as one of the signers voted upon such proposition, is defective and amenable to a demurrer.

Assumpsit, upon a contract of subscription. Appeal from the Circuit Court of Ford County; the Hon. GEORGE W. PATTON, Judge, presiding. Heard in this court at the November term, 1899. Affirmed. Opinion filed December 13, 1899. Rehearing denied May 17, 1900.

M. H. CLOUD and H. H. KERR, attorneys for appellant.

SAMPLE & MORRISEY and W. S. MOFFETT, attorneys for appellee.

MR. JUSTICE BURROUGHS delivered the opinion of the court.
This was an action of assumpsit in which appellant sued appellee in the Circuit Court of Ford County upon a written agreement, of which the following is a copy :

(170)

" PAXTON, ILL., August 1, 1895.

We, the undersigned, do hereby promise and agree with each other that we will subscribe and pay for stock in a hotel company the amount set opposite our respective names, to be organized for the purpose of constructing a hotel on lot one and the north half of lot two in block two, in original town of Prospect City, now city of Paxton, west of the Illinois Central Railroad, in Ford county, Illinois.

The capital stock of said hotel company is to be $25,000, and the full amount thereof is to be used in the purchase of the lots and the construction of the hotel.

There is to be one or more store rooms placed on the ground floor of said hotel building for rent.

NAMES.                                          AMOUNT."

This was signed by appellant and some twenty others, the amount opposite the name of appellant being $500.

Two counts of the declaration averred the organization of appellant as a corporation, in accordance with and for the purpose named in the written agreement, except that its capital stock was fixed at $30,000 instead of at $25,000, but averred that the change in the amount of the capital stock from that stated in the agreement, was made in accordance with and by direction of a vote taken for that purpose by all the signers of the written agreement, the appellee voting upon the proposition directing such change. These counts of the declaration were silent however, as to how the appellant voted upon that proposition.

A demurrer was interposed to those two counts, which the court sustain, and that is assigned and urged as error.

We are of opinion that the court did not err in that respect because the averments in these two counts must be taken most strongly against the appellant, and when so taken we infer that appellee voted against the proposition, which was all he could do to prevent the change.

The appellant organized with a capital stock of $30,000 was not the corporation that the written agreement called for, hence appellee was under no obligation to subscribe and pay for $500 of its capital stock.

To other counts of the declaration appellee, among other pleas, interposed a special plea denying that he executed

the written agreement sued on, but this plea was not properly verified.

The appellant, however, took issue upon this plea, and when the case was tried the court refused to admit the certificate from the secretary of State showing the organization of appellant with a capital stock of $30,000, and to which was attached a copy of the written agreement above quoted, because no proof was made, or offered to be made, that the appellee signed the original agreement, in effect holding this plea good; and this holding of the court is urged as error.

By the copy of the agreement it appears that the corporation to be organized in pursuance of its provisions, was to be with a capital stock of $25,000, and by the certificate of the secretary of the State it appears that appellant was organized with a capital stock of $30,000; hence, they show a material change from the positive provisions of the written agreement, so that without any evidence to the effect that appellee had consented to the change in the amount of the capital stock, no recovery could be sustained.

Therefore appellant was not prejudiced by the ruling of the court in refusing to admit in evidence the certificate of the secretary of the State, and the copy of the written agreement thereto attached.

Finding no reversible error in this record, we affirm the judgment of the Circuit Court.    Judgment affirmed.